127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn Robert BARRETT, Defendant-Appellant.
 No. 96-50275, 96-50478.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1997.
Filed Oct. 24, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of California Irma E. Gonzalez, District Judge, Presiding
 
 
 2
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.**
 
 
 3
 AMENDED MEMORANDUM DISPOSITION*
 
 
 4
 Appellant was charged with conspiracy to possess marijuana with intent to distribute and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Appellant was also indicted on a forfeiture count based upon $3,743.10 seized from his wallet at the time of arrest. Appellant pleaded guilty to the drug charges and went to trial on the forfeiture count. At the conclusion of Appellant's bench trial, the District Court ordered forfeiture of the $3,743.10 under 21 U.S.C. § 853(a)(2) (funds used to facilitate illegal activity). Appellant now appeals the denial of his motion to suppress drug evidence found during the search of his car by Border Patrol agents and the order of forfeiture. We have jurisdiction under 28 U.S.C. § 1291 (1994), and we affirm.
 
 
 5
 The facts are known to the parties and will not be repeated here.
 
 I. Motion to Suppress
 
 6
 Brief, investigatory stops or detentions by Border Patrol agents of vehicles in the vicinity of the United States' international borders must be based on reasonable suspicion. United States v. Brignoni-Ponce, 422 U.S. 873, 881 (1975); United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1492 (9th Cir.1994). In determining whether a stop was justified by reasonable suspicion, a court may consider, inter alia, the officer's previous experience, the proximity of the stop to the border, traffic patterns, the route taken, the characteristics of the area, the appearance of the passengers, and the number of passengers. Brignoni-Ponce, 422 U.S. at 881; see also, Rodriguez-Sanchez, 23 F.3d at 1493.
 
 
 7
 The District Court did not err in denying Appellant's Motion to Suppress. Taking the facts in the light most favorable to the Government[1] and reviewing the district court's determination of reasonable suspicion de novo, we conclude that reasonable suspicion existed based, inter alia, upon the activation of the sensor in a known smuggling area, the proximity of the sensor to the highway, the Border Patrol agents' knowledge of and experience in the area (including the route Appellant would take and the amount of time that passed between the activation of the sensor and when Appellant was seen on the highway), the use of Spanish, the opening and closing of car doors, and the uninterrupted observation of the target vehicle by two Border Patrol agents.
 
 II. Order of Forfeiture
 
 8
 Appellant argues that the District Court erroneously applied the statutory presumption articulated in 21 U.S.C. § 853(d) in ordering forfeiture under 21 U.S.C. § 853(a)(2) (forfeiture of goods used to facilitate criminal activity). Appellant contends that the statutory presumption is limited in applicability to forfeitures under 21 U.S.C. § 853(a)(1) (forfeiture of proceeds of criminal activities).
 
 
 9
 We need not rule on whether the statutory presumption in § 853(d) applies to forfeitures under § 853(a)(2) because the District Court did not base its decision on the statutory presumption. Contrary to Appellant's contentions, the District Court, while referring to the language of the statutory presumption in its written opinion, did not analyze the Government's evidence according to the elements in § 853(d). Furthermore, even if the District Court had relied on § 853(d), any error would have been harmless. The following evidence, presented by the Government at trial, was sufficient to prove its claim of forfeiture under § 853(a)(2) by a preponderance of the evidence: testimony that $3,743.10 was found in Appellant's wallet at the time of his arrest, testimony from two co-defendants that they were promised $200 each to backpack marijuana from Mexico into the United States, and testimony from an expert witness that a driver tends to earn between $500 and $1,000 or more per load of drugs and that backpackers earn between $200 and $500.
 
 
 10
 AFFIRMED.
 
 
 
 **
 Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by 9th Cir. Cir. R. 36-3
 
 
 [1]
 This is the appropriate standard when, as was the case in this matter, the district court does not make explicit findings of fact. See United States v. Harrington, 636 F.2d 1182, 1185 (9th Cir.1980)